### B. M. ISLER *v.* J. T. KENNEDY.

A bond executed April 25th 1866, although given in satisfaction of a previous bond executed December 1st 1860, constitutes *a cause of action arising subsequent to May 15th 1865*, within the meaning of *General Order, No.* 10, issued April 11th 1867 ; *therefore*, a return upon an execution by a sheriff to May Term 1867,—"Levied, &c. ; no sale, in obedience to Order No. 10, from General Daniel E. Sickles," was not a due return.

(*Edney* v. *King*, 4 Ire. Eq. 465 ; *Dean* v. *King*, 13 Ire. 20, approved ; *Patton* v. *Mann*, Bus. 377. distinguished and approved.)

SCIRE FACIAS against a sheriff, for not making due return upon an execution, tried before *Thomas, J.*, at Spring Term 1870, of WAYNE Court.

At February Term 1867, of Wayne County Court, the plaintiff had recovered judgment against John Everett and others, upon a bond dated April 25th 1866 ; execution issued from such term, and at May Term the sheriff returned, "To hand March 15th 1867 : Levied this fi. fa. March 16th 1867, on the plantation, &c. ; no sale, in obedience to Order No. 10 from General Daniel E. Sickles, &." At May Term, upon motion, judgment *nisi* was rendered against the sheriff for $100, for failing to make a due return, &. Upon which this *scire facias* was issued. At February Term 1868, the Court refused to give judgment for the plaintiff, and thereupon she appealed to the Superior Court. At May Term 1870 of

this Court, upon the trial, it was shown by John Everett that the bond upon which the judgment had been given, had been executed exclusively in payment of a previous bond executed Dec. 1st 1860. His Honor thereupon dismissed the appeal, &c.

The plaintiff appealed to this Court.

*Isler*, for the appellant.
*Faircloth, contra.*

DICK, J. When a sheriff receives an execution, he should levy upon and sell the property of the defendant, or render a sufficient excuse in his return, for not performing his duty. What is a due return of process in form and substance, is a question of law, to be decided by the Court.

In our case the return endorsed on the execution was : " Levied this *fi. fa.* on the 16th of March, 1867, on the plantation, &c., of the defendant ; no sale, in obedience to Order, No. .10 from General Daniel E. Sickles." As the State was then under military control, the sheriff was bound to obey General Orders, and the question of law for us to decide is, was the enforcement of this execution prohibited by said orders. General Orders, No. 10, may be found *ante* 105; and paragraphs Nos. 2 and 4 are applicable to the matter before us.

The bond which constituted the cause of action, was dated April 25th 1866, and the enforcement of the judgment was not prohibited by paragraph 2, and was expressly allowed by paragraph 4. For the purposes of said order the bond was the cause of action, and the date of the bond was the proper guide to the sheriff as to his duty in this respect : *Dean* v. *King*, 13 Ire. 20. The case of *Patton* v. *Marr*, Bus. 377, is not in point. In that case the Court decided that " Enjoined " endorsed on an execution, although informal, was a

*due return.* That word indicated with sufficient certainty,. that the execution was stayed by the order of a Court of Equity, and the sheriff had no discretion, but was bound to desist from the execution of the process, or incur the penalties of a contempt: *Edney* v. *King*, 4 Ire. Eq. 465.

The evidence of John Everett was clearly inadmissible,, and ought to have been rejected: as the consideration of the bond sued on could not be inquired into in determining the question of law before the Court.

The sheriff, by improperly enquiring into the consideration of the bond, went out of the line of his duty, and gave an improper construction to said order; and he thereby incurred a penalty for not making a due return of the process. There was error in the ruling of his Honor, and the judgment'must be reversed.

Let this be certified.

PER CURIAM.                    Judgment reversed..